UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY J. KRANTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV1393 CDP |
| | ) | |
| WEST AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Yesterday the Court denied plaintiff's motion to remand. It did so before receiving plaintiff's reply brief, because the Court mistakenly believed the time for filing a reply brief had run. Plaintiff's counsel has correctly pointed out that his reply brief was not due until yesterday, so the Court should have awaited its receipt before ruling. I have now considered the brief fully, and find that it does not change my ruling.

Plaintiff insists that the amount in controversy requirement for diversity jurisdiction is not met because his prayer for relief in his state court petition stated that plaintiff sought an amount "which exceeds" $25,000, "but which does not exceed" $75,000. The prayer in a state-court petition is not the final word on the amount in controversy, however. Prayers can be amended, and courts do not

always limit plaintiffs to the amounts in their prayers. Plaintiff concedes as much when he acknowledges that he might seek more damages if further medical consequences should occur. For that reason, plaintiff was not willing to sign an affidavit that he would never seek more than the jurisdictional amount. Additionally, plaintiff made a settlement demand for $95,000 shortly after he filed suit. His letter making this demand constitutes an "other paper" from which the amount in controversy can be determined for removal purposes. Plaintiff's later reduction of his settlement demand to $75,000 does not change the jurisdictional result. If plaintiff's counsel believes his case is worth an early settlement of $95,000, as his letter states, or even if he believes it is worth an early settlement of $75,000, he must believe it is worth more than that if the case were to go to trial. I have no doubt that any lawyer making an early demand of $95,000 would certainly ask a jury for more than $75,000, and plaintiff certainly might be entitled to more than that amount, based on the same arguments and figures he presented in his settlement letter. Thus, the amount in controversy is greater than $75,000. The amount of an easily amended prayer for relief in a state-court petition is not determinative of the issue.

    Having now fully considered plaintiff's reply brief,

**IT IS HEREBY ORDERED** that the decision to deny plaintiff's motion to remand is reaffirmed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2005.